950 A.2d 878

IN THE MATTER OF RHONDA M. ANDERSON, AN ATTORNEY
AT LAW (ATTORNEY NO. 018101998).

July 2, 2008.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 07–380, concluding that as a matter of final discipline pursuant to *Rule* 1:20–13(c), **RHONDA M. ANDERSON** of **PHILADELPHIA, PENNSYLVANIA,** who was admitted to the bar of this State in 1998, and who has been temporarily suspended from the practice of law since September 8, 2004, should be suspended from the practice of law for a period of three years based on her plea of guilty in the United States District Court for the Eastern District of Pennsylvania to honest services mail fraud in violation of 18 *U.S.C.A.* §§ 1341 and 1346, conduct that in New Jersey violates *RPC* 8.4(b) (commission of a criminal act that reflects adversely on an attorney's honesty, trustworthiness or fitness as a lawyer) and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and good cause appearing;

It is ORDERED that **RHONDA M. ANDERSON** is suspended from the practice of law for a period of three years, and until the further Order of the Court, retroactive to September 8, 2004; and it is further

ORDERED that respondent shall not be reinstated to practice in New Jersey until she is reinstated to practice in Pennsylvania; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement

for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.